MR. JUSTICE WEBER,
dissenting:
I disagree with the majority conclusion that the voter’s intent and choice do not clearly appear in the ballot in question in this case.
I conclude that we must consider not only Section 13-15-102, MCA, discussed in the majority opinion, but also Section 13-15- *418 202(3), MCA, which is the successor to Section 777, R.C.M. (1935), upon which the Peterson v. Billings (1939), 109 Mont. 390, 96 P.2d 922, case was based. Section 13-15-202(3), MCA, provides:
“A ballot or part of a ballot is void and shall not be counted if the elector’s choice cannot be determined. If part of a ballot is sufficiently plain to determine the elector’s intentions, the election judges shall count that part.”
A ballot is not to be counted if the elector’s choice cannot be determined. That is, a ballot should be counted if it is sufficiently plain to determine the elector’s intentions. That statute is entirely consistent with Peterson, which emphasized the prevailing view of authorities toward liberality in order to sustain the honest choice of the electors. In essence, if the intent of the voter clearly appears, his ballot should be counted. (See quotation from Peterson in majority opinion.)
The key point of the majority opinion appears to be that the word “Democrat” was not handwritten by the voter after the name of Keith C. Renne. That absence appears to raise a question in the majority’s mind sufficient to disqualify the ballot for this candidate. I do not agree with that conclusion.
Our essential test is whether or not the choice of the elector can be determined and if his intentions are sufficiently plain from the ballot. Simply stated, it seems entirely clear to me from the ballot that the elector intended to vote for Mr. Rennie. I do not find the presence or absence of party designation significant for this issue. As an example, if the elector had crossed out all of the party designations on the ballot but still marked the ballot in the appropriate squares, I would count those votes.
I conclude that the voter’s intention to vote for Mr. Rennie as county attorney is clear and I would reverse the District Court.
MR. JUSTICE HARRISON joins in the foregoing dissent.